IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DARREN HERSCHEL BUNDICK | § | |
| VS. | § | CIVIL ACTION NO. 1:22-CV-421 |
| SHERIFF BOBBY RADER, ET AL. | § | |

REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

Plaintiff Darren Herschel Bundick, an inmate formerly confined at the Liberty County Jail, filed this civil rights action pursuant to 42 U.S.C. § 1983.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

The Motion to Dismiss

Pending before the court is a Motion to Dismiss by defendant Bobby Rader (ECF No. 16). Defendant asserts that Plaintiff's complaint should be dismissed pursuant to FED. R. CIV. P. 12(b)(6) and 12(b)(1). Defendant's motion asserts that Plaintiff's claim is barred by the statute of limitations, Plaintiff failed to exhaust administrative remedies, Plaintiff failed to allege the defendant's personal involvement in the violation of a constitutional right, he is entitled to immunity under the Eleventh Amendment, he is entitled to qualified immunity, and Plaintiff's claims fail to state a claim upon which relief may be granted.

Standard of Review

A complaint fails to state a claim upon which relief may be granted if the factual allegations are not sufficient to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate when the plaintiff has failed to plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Twombly*, 550 U.S. 544, 570). Plaintiffs must state enough facts to "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

In considering whether to dismiss a complaint for failing to state a claim upon which relief may be granted, all factual allegations in the complaint must be taken as true and construed favorably to the plaintiff. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). However, conclusory allegations will not suffice to prevent dismissal for failure to state a claim. *Id.*

Analysis

*Exhaustion*

Defendant Bobby Rader moves to dismiss Plaintiff's claims against him based on Plaintiff's failure to exhaust available administrative remedies prior to filing this action as required by the Prison Litigation Reform Act ("PLRA"). Defendant asserts that Plaintiff failed to establish in his amended pleading that he had exhausted the Liberty County jail grievance procedures.

Section 1997e of the Civil Rights of Institutionalized Persons Act, 42 U.S.C. §§ 1997-1997j, requires prisoners to exhaust administrative remedies before initiating a prison conditions case. The statute provides, in pertinent part, the following: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any

jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Administrative remedies must be exhausted regardless of the type of relief sought in the lawsuit and regardless of whether the particular type of relief sought is available through the applicable grievance process. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001). The exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes. *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The Supreme Court has explained that prisoners must exhaust available administrative remedies in accordance with all procedural rules, including deadlines, as a precondition to bringing suit in federal court. *Woodford v. Ngo*, 548 U.S. 81, 84-85 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.,* at 90-91.

Here, Defendant moves to dismiss Plaintiff's claims against him because he failed to establish he exhausted his administrative remedies, in particular, the Liberty County jail grievance procedure. The Fifth Circuit has made clear that administrative remedies must be exhausted prior to filing a lawsuit rather than while the action is pending, and district courts have no discretion to waive the PLRA's pre-filing exhaustion requirement. *See Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). "Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted." *Id.* The relevant statutory provision "plainly requires that administrative remedies be exhausted before the filing of a § 1983 suit, rather than while the action is pending." *Wendell v. Asher*, 162 F.3d 887, 890 (5th Cir. 1998). Dismissal may be warranted based on the pleadings alone when a plaintiff has effectively conceded in his complaint

that administrative remedies were available but not exhausted. *See Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) (noting that a dismissal for failure to state a claim, predicated on the failure to exhaust administrative remedies, is appropriate "if the complaint itself makes clear that the prisoner failed to exhaust").

Plaintiff did not file a response to Defendant's motion to dismiss. However, as Plaintiff is proceeding *pro se*, his pleadings are necessarily held to "less stringent standards than formal pleadings drafted by lawyers," and are liberally construed by the court. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Perez v. United States*, 312 F.3d 191, 194-95 (5th Cir. 2002). A review of Plaintiff's original complaint reveals Defendant's contention that Plaintiff did not exhaust the substance of his claims raised in this action through all steps of the administrative remedy procedure may have merit. Grievances should contain sufficient detail to give prison officials fair notice of the problem and an opportunity to address the problem that will later form the basis of a lawsuit. *See Johnson v. Johnson*, 385 F.3d 503, 516-17 (5th Cir. 2004). "If an inmate claims that a guard acted improperly, we can assume that the administrators responding to the grievance would want to know - and a prisoner could ordinarily be expected to provide - details regarding who was involved and when the incident occurred, or at least other available information about the incident that would permit an investigation of the matter." *Id.* at 517.

At this stage, however, dismissal is not appropriate because it is not clear from the face of the complaint that Plaintiff failed to exhaust his administrative remedies. Specifically, Plaintiff asserted in his original complaint that he had exhausted all steps of the institutional grievance procedure. *See* Complaint, ECF No. 1 at 3. Further, the administrative remedy procedure available at the Liberty County jail during the time of Plaintiff's claims has not been presented to the court. Accordingly, it would not be proper to granted Defendant's motion to dismiss.

In *Dillon v. Rogers*, 596 F.3d 260 (5th Cir. 2010), the Fifth Circuit stated that "exhaustion is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time." *Dillon*, 596 F.3d at 272; *see also Nottingham v. Richardson*, 499 F. App'x 368, 374 (5th Cir. 2012). The Fifth Circuit observed that disputes concerning exhaustion should usually be resolved prior to allowing the case to proceed on the merits. *Dillon*, 596 F.3d at 273. Accordingly, the issue of Plaintiff's failure to exhaust administrative remedies should be determined before consideration of Defendants' alternative, merits-based defenses raised in his motion. The denial of Defendant's motion will be without prejudice to Defendant's ability to reassert his claim that Plaintiff failed to exhaust his administrative remedies in a properly supported motion for summary judgment.

## Recommendation

Defendant Bobby Rader's Motion to Dismiss should be denied without prejudice to the defendant's ability to reassert the claims in a properly supported motion for summary judgment.

## Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United*

*Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 21st day of August, 2024.

_____
Zack Hawthorn
United States Magistrate Judge